**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | * | |
| Plaintiff, | * | CASE NO. 1:15-cv-00861-CMH-MSN |
| v. | * | |
| **BENJAMIN WILLIS,** | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER IN FURTHER SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO SERVE DEFENDANT**

Plaintiff, Malibu Media, LLC ("Plaintiff") responds to the Court's Show Cause Order [CM/ECF 15] and states as follows.

1. Plaintiff filed its Amended Complaint against Defendant Benjamin Willis ("Defendant") on October 24, 2015 [CM/ECF 9] and thereafter moved to extend the time within which it has to effectuate service of process [CM/ECF 11 & 13].

2. This Court responded with a Show Cause Order, directing Plaintiff to "file with the Court a memorandum explaining what specific steps Plaintiff took to advance its claim between learning Defendant's identity on August 27, 2015 and Plaintiff's first attempt to effectuate service upon Defendant on November 5, 2015." CM/ECF 15.

*3.* By and through the instant response, Plaintiff attempts to comply with this Court's directive. Plaintiff advised that it obtained Defendant's identity from Comcast on August 27, 2015 because, when counsel was drafting Plaintiff's motion for an extension of time, it noticed that Comcast's subpoena response bore the date August 27, 2015. However, Plaintiff

1

did not actually obtain and process Comcast's subpoena response until October 21, 2015. Plaintiff did not realize this until it reexamined its file in preparation for complying with this Court's Show Cause Order. *See* Undersigned's Affidavit attached hereto.

4. Plaintiff expected to receive Comcast's subpoenaed response on or about August 28, 2015. On August 31, 2015, after not receiving the response, undersigned contacted Kate Ford, legal support specialist at Comcast, via telephone to inquire about the outstanding response. *See id.* Comcast advised that a response to the subpoena had been generated and mailed a few days prior. *See id.*

5. Plaintiff's counsel awaited delivery of the subpoena response and reviewed its own records to ensure that the response had not simply been misplaced. *See id.* Still unable to locate or account for the subpoena response, undersigned again contacted Comcast telephonically on or about October 13, 2015 to request that the response be resubmitted. *See id.* Comcast agreed and resent the subpoena response to undersigned via FedEx on or about October 19, 2015. *See id.* Undersigned received Comcast's response a couple days later, on or about October 21, 2015, and immediately processed same. *See id.* As explained *supra*, the subpoena response was dated August 27, 2015, but was not received and processed by Plaintiff until October 21, 2015. *See id.*

6. Upon receipt of Comcast's response disclosing Defendant's identity, Plaintiff immediately began investigating its claims. Plaintiff learned that Defendant is a programmer and IT professional employed as a "Senior Premier Field Engineer." Significantly, Plaintiff's evidence establishes that the individual utilizing Defendant's Internet to infringe Plaintiff's copyrighted works also contemporaneously downloaded and distributed content that directly

correlates to Defendant's profession.[1] Plaintiff also learned that a number of the third-party works downloaded from Defendant's Internet contemporaneously with Plaintiff's movies precisely match Defendant's publicly-shared interest (per his LinkedIn profile) in martial arts.[2] Also, Plaintiff knew that that the infringement occurred over a six month period of time with virtually no meaningful lapses or gaps, meaning that the responsible infringer would be someone, like Defendant, with regular and consistent access to Defendant's Internet.

7.  Based largely on the foregoing, Plaintiff established a good faith belief that Defendant is the individual likely responsible for using his Internet to infringe Plaintiff's copyrighted works, and so Plaintiff promptly and diligently began drafting and finalizing its Amended Complaint. This pleading was filed on Saturday, October 24, 2015, just three days after Plaintiff learned Defendant's identity. *See* CM/ECF 9. A summons was issued on Monday, October 26, 2015. *See* CM/ECF 10. Plaintiff promptly delivered the summons and a copy of its pleading to its process server, and then, in light of the October 30, 2015 4(m) deadline, filed a motion to extend its service deadline. *See* CM/ECF 11.

8.  This Court denied Plaintiff's motion without prejudice, explaining that Plaintiff failed to establish good cause for its requested extension. Since Plaintiff believes that it has been very diligent in this action, it renewed its motion on November 13, 2015, and including an affidavit from its process server explaining that attempts at service are ongoing, and that service

---

[1] By way of illustration, a few examples are: (1) "Parallel Programming with Python [DrLol]"; (2) "C# Multithreaded and Parallel Programming {MaDMiKeL}"; (3) "Designing Software Synthesizer Plug-Ins in C++"; (4) "Large-Scale C++ Software Design"; (5) "Getting Started with Julia Programming {MaDMiKeL}"; (6) PostgreSQL Server Programming, 2nd Edition {MaDMiKeL}; (7) Process and Control Engineering - Benifits of "Adaptive Process control"; (8) "Programming the Microsoft Windows Driver Model - 2nd Edition"; (9) "Code - The Hidden Language of Computer Hardware and Software"; (10) "The Art of R Programming - A Tour of Statistical Software Design"; and (11) "Cloud Architecture Patterns Using Microsoft Azure."

[2] By way of illustration, a few examples are: (1) "Aikido and the Dynamic Sphere - An Illustrated Introduction (Tuttle Martial Arts)"; (2) "Chi Kung - Warm Up Exercises,Health and Martial Arts,Healing Practices,Sexual Vigor,Heali"; (3) "The Anatomy of Martial Arts An Colourful Illustrated Guide to the Muscles Used"; (4) "Ultimate Warrior Workouts - Fitness Secrets of the Martial Arts"

has been attempted on at least three occasions on, at least, November 5, 2015, November 8, 2015, and November 9, 2015. *See* CM/ECF 13.

     9.    Plaintiff sincerely apologizes for failing to notify the Court that it had not actually learned Defendant's identity until October 21, 2015, and requests that the Court, under the circumstances, authorize Plaintiff to effectuate service of process over Defendant by posting process on Defendant's front door as set forth in Va. Code § 8.01–296(2)(b), and extending Plaintiff's deadline to effectuate service until December 3, 2015.

     Respectfully submitted,

     MALIBU MEDIA, LLC.
     PLAINTIFF


     By: /s/ *Jon A. Hoppe*
     Jon A. Hoppe, Esquire
     Admitted *Pro Hac Vice* CM/ECF 8
     Maddox, Hoppe, Hoofnagle &
     Hafey, L.L.C.
     1401 Mercantile Lane #105
     Largo, Maryland 20774
     (301) 341-2580

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 19, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

     By: /s/ *Jon A. Hoppe*